Ford & Harrison LLP
Stephen R. Lueke, Bar No. 115906
Stefan H. Black, Bar No. 284499.
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Petitioner
INTERNATIONAL PAPER COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY,<br><br>    Petitioner,<br><br>v.<br><br>TEAMSTERS DISTRICT COUNCIL 2, LOCAL 388M,<br><br>    Respondent. | Case No.<br><br>**PETITION AND NOTICE OF MOTION TO VACATE ARBITRATOR'S OPINION AND AWARD** |

   Petitioner International Paper Company ("***International Paper***" or the "***Company***") petitions this Court and herby notifies Teamsters District Council 2, Local 388M (the "***Union***") of its intent to move to vacate the Opinion and Award issued by Arbitrator John F. Wormuth (the "***Arbitrator***") on or about May 6, 2017. The Opinion and Award should be vacated because the Arbitrator decided an issue that was plainly not arbitrable. In doing so, the Arbitrator exceeded his powers, acted on matters not submitted to him, displayed a manifest disregard for the law, and dispensed his own brand of industrial justice. Moreover, the Arbitrator's Opinion and Award does not draw its essence from the CBA and is contrary to public policy. In support of its petition and notice of motion, International Paper states as follows:

## JURISDICTION AND VENUE

1. This is an action to vacate the Arbitrator's Opinion and Award issued on or about May 6, 2017 pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10 (the "*FAA*"), California Code of Civil Procedure § 1285, and, in the alternative, Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction under 28 U.S.C. § 1332, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to Section 10 of the FAA because the Arbitrator issued the Opinion and Award from within this judicial district. Furthermore, venue is proper because the Union's duly authorized officers or agents are engaged in representing or acting for employee members in this judicial district and a substantial part of the events giving rise to this dispute occurred in this judicial district.

## THE PARTIES

4. International Paper is a paper and packaging manufacturing company. The Company is incorporated in the State of New York. Its principal place of business is located in Memphis, Tennessee.

5. The Union is an affiliated local union of the Teamsters District Council 2. The Union's principal place of business is in California and represents employees in California.

## FACTS

6. International Paper operates a manufacturing facility located at 10268 Waterman Road, Elk Grove, California 95624 (the "*Elk Grove Facility*").

7. The Union is the exclusive bargaining representative of a bargaining unit of approximately 94 employees at the Elk Grove Facility.

8. International Paper and the Union are parties to a collective-bargaining

agreement (the "*CBA*").  A true and correct copy of the CBA is attached hereto as **Exhibit A**.

9. Article 27 of the CBA reads as follows:

### SECTION 27
### GRIEVANCE PROCEDURE

27.01:  Should grievances arise between the Company and the Union or Employees as to the interpretation, application or compliance with the terms of this Agreement, there shall be no suspension or interruption of work on account of such grievance, and a diligent effort shall be made to settle the grievance as soon as possible after it has been presented to the Management. Any Employee having a grievance shall submit same as promptly as possible, but no grievance shall be valid if not presented within fifteen (15) days from the time the cause for complaint arose.

27.02:  When grievances arise, the steps below shall be followed each to be exhausted before resorting to the next:

Step 1. Between the Immediate Supervisor, aggrieved employee and his Steward. If a satisfactory settlement is not reached within ten (10) days, the grievance will be submitted to Step 2.

Step 2. Between the Plant Manager and the Grievance Committee, and/or business representative, at which time the grievance shall have been reduced to writing upon a proper grievance blank and signed by the aggrieved in triplicate. If a satisfactory settlement is not reached, to be timely, the grievance must be submitted to Step 3 within ten (10) days of the Step 2 answer.

Step 3. Between the General Manager and/or other members of top management and the union officers.

27.03:  If the parties or their representatives are unable to adjust the grievance, it may be referred to arbitration in accordance with Section 27, providing written notification of the intent to arbitrate is received within twenty (20) days of the third step answer.

10. Article 28 of the CBA reads as follows:

### SECTION 28
### ARBITRATION

<u>28.01</u>: Unresolved grievances submitted in accordance with Section [27] may be submitted to the American Arbitration Association under its rules then in effect, or submitted to the Federal Mediation and Conciliation Service (FMCS) for a list of arbitrators. If the parties cannot agree on one name from the panel, then either party can request a second (2nd) list or shall select the arbitrator by alternatively striking one (1) name from the list until only one (1) remains who shall become the arbitrator.

<u>28.02</u>: The award or decision of the Arbitrator shall be binding on both parties of this Agreement. The function of the Arbitrator shall be of a judicial rather than legislative nature and his decision shall be within the scope and terms of this Agreement. He shall not add to, ignore or modify any of the terms of the provisions of this Agreement and he shall not include issues in his decision that are not directly involved in the case submitted to him. The Arbitrator shall not deprive the Company or the Union of any rights expressly or impliedly reserved herein.

11. The Elk Grove Facility normally operates five days a week, 24 hours a day.

12. Bargaining-unit employees are regularly assigned to one of three eight-hour shifts: day shift (7:00 a.m. to 3:00 p.m.), swing shift (3:00 p.m. to 11:00 p.m.) or graveyard shift (11:00 p.m. to 7:00 a.m.).

13. If an employee is absent from work (whether due to vacation, paid sick leave, medical leave, unexcused absence, etc.), then International Paper has the discretion to institute mandatory overtime to ensure adequate coverage.

14. Pursuant to Section 13.1 of the CBA, "preference on overtime work will be given to the Employees regularly working on the machine or operation involved when these Employees are available…."

15. Accordingly, when there is an absence, International Paper generally requires the employee working the shift immediately preceding the gap to work four hours later than the normal end of his/her shift and the employee working the shift immediately after the gap to begin working four hours before the start of his or her shift. For instance, if the swing shift employee is absent, then the person working the day shift in the same position works four hours later and the person on graveyard shift in the same position begins working four hours earlier to ensure continuous operations.

16. After the State of California passed the Healthy Workplaces, Healthy Families Act of 2014, Cal. Lab. Code §245 *et seq.* (the "**Paid Sick Leave Act**"), International Paper began crafting a paid sick leave policy (the "policy").

17. In January 2015, International Paper provided employees working in California (including those working at the Elk Grove Facility) with a notice of rights prescribed by California's Division of Labor Standards Enforcement.

18. International Paper notified the Union of its intent to implement the paid sick leave policy months before it went into effect. Over the course of one or more meetings, the Company discussed the material provisions of the policy with representatives from the Union and provided the Union with a copy of the policy. The Union representatives did not object to the amount of paid sick leave provided pursuant to the policy.

19. International Paper's paid sick leave policy went into effect on July 1, 2015.

20. Pursuant to the policy, International Paper "front loads" each employee with 24 hours of paid sick leave on their date of hire and on January 1 of every year thereafter.

21. The employee determines the amount of paid sick leave he or she wishes to take for a given absence. Employees are entitled to take paid sick leave in

increments smaller than an entire shift. To avoid receiving an occurrence under International Paper's points-based attendance policy, employees must use a sufficient amount of leave - whether such leave is characterized as paid sick leave, vacation, some other leave protected by state or federal law, or some combination thereof - to cover the period of absence. Thus, if an employee is absent for an entire eight-hour shift, he or she must use at least eight hours of protected leave to avoid receiving an occurrence. If an employee is absent for an entire twelve-hour shift, he or she must use at least 12 hours of protected leave to avoid an occurrence.

## THE ARBITRATION PROCEEDINGS

22. The Union filed Grievance No. 65281 alleging that International Paper's paid sick leave policy violated the Paid Sick Leave Act (the "***Grievance***"). The Union contends that because the Paid Sick Leave Act requires employers to provide "24 hours or three days" of paid sick leave each year, bargaining-unit employees should receive 36 hours of paid sick leave each year so that they have sufficient paid sick leave to cover three 12-hour overtime shifts. The Company's position is that employees are entitled to only 24 hours of paid sick leave because they are regularly scheduled to work eight-hour shifts.

23. International Paper's position is and has been that the Grievance is not arbitrable. The CBA's grievance and arbitration procedures govern only those disputes that "arise between the Company and the Union or Employees ***as to the interpretation, application or compliance with the terms of this Agreement***." *See* § 27.01 of the CBA. However, the Grievance does not concern the interpretation, application, or compliance with the CBA, which is silent on the issue of paid sick leave. Rather, the Grievance alleges that International Paper's paid sick leave policy violates the Paid Sick Leave Act. Because the Company has not agreed to arbitrate disputes concerning its compliance with the Paid Sick Leave Act, the Grievance is not arbitrable.

24. International Paper also argues (and has argued) that the Grievance is not arbitrable because the Union lacks standing. The Paid Sick Leave Act does not provide for a private cause of action. Instead, the statute expressly delegates exclusive enforcement jurisdiction to the California Labor Commissioner, and allows the Labor Commissioner and the Attorney General only to bring a civil action against an employer alleged to be violating the Paid Sick Leave Act. Accordingly, because neither the Union nor its members have standing to pursue a private claim against International Paper for alleged violations of the Paid Sick Leave Act, the Grievance was not arbitrable.

25. Although International Paper maintained throughout its dealings with the Union that the issues raised in the Grievance were not arbitrable, the Union insisted on submitting the matter to arbitration.

26. Because the underlying facts were undisputed, the parties submitted a Stipulation of Facts (including a list of stipulated exhibits) and briefed the relevant legal issues. A true and accurate copy of the Stipulation and the stipulated exhibits is attached hereto as **Exhibit B** and incorporated herein.

27. On Saturday, May 6, 2017, the Arbitrator issued his Opinion and Award.

28. International Paper received the Arbitrator's Opinion and Award on Monday, May 8, 2017.

29. The Arbitrator held that the Grievance was arbitrable, reasoning as follows:

> The Labor Agreement's arbitration clause is sufficiently broad enough to allow for the arbitration of the grievance. (JTX 1) There is no expressed exclusionary clause found in the Labor Agreement that would bar the instant grievance from arbitration. In addition, the grievance is arbitrable because the sick leave provisions are predicated on the employees' regular assigned shifts of eight (8) hours. (JTX 1., Section 10.01) (Stipulation #6)
>
> The Company's Elk Grove Attendance Policy (JTX 2)

and the Sick Leave Policy (JTX 3) have a direct relationship to established contract provisions that affect employees' employment and contractual rights. Employees may suffer discipline up to and including termination from employment if they fail to have sufficient hours of sick leave to cover mandatory overtime shifts.

It is a well-established principle of labor arbitration that Labor Agreements which have binding arbitration to resolve their grievances create a presumption in favor of their use. The grievance is arbitrable.

30. The Arbitrator also sustained the Grievance, reasoning (in part) as follows:

### AWARD

The Grievance is sustained. The stipulated record shows that the Company violated the Healthy Work Place [sic], Healthy Families Act, [sic] of 2014 and the Labor Agreement when it failed to provide a full three (3) calendar days of sick leave consistent with the employee's regularly assigned shifts of eight (8) hours. Provided that employees have a sufficient amount of sick leave in their sick leave banks, it is a violation of the Labor Agreement and the Act to discipline employees pursuant to the Attendance Policy.

### REMEDY

The Company is to immediately amend the Sick Leave Policy to provide a minimum of three (3) calendar days of sick leave. The Company is to allocate twenty-four (24) hours of sick leave to conform to the employee's regular assigned shifts of eight (8) hours. The Company may not charge the employee's sick leave bank more than eight (8) hours for a missed shift, including a mandatory overtime shift, provided the employee has sufficient hours in his/her sick leave bank to cover a regular shift of eight (8) hours.

1. The Company is to issue back pay, plus interest, to current employees who received less than three (3) calendar days of sick leave since July 1, 2015.

2. The Company is to immediately remove any attendance points for current employees who received them as a result of mandatory overtime shifts and had sufficient hours of sick leave to cover their regularly assigned shifts.

3. The Arbitrator retains jurisdiction over any dispute that may arise out of the implementation of the remedy.

31. A true and accurate copy of the Arbitrator's Opinion and Award is

attached hereto as **Exhibit C**.

## COUNT I

## VACATION OF ARBITRATOR'S OPINION AND AWARD

32. International Paper incorporates by reference the allegations set forth in the preceding paragraphs.

33. In prescribed circumstances, Section 10 of the FAA permits the United States Court in and for the district wherein an arbitration award was made to make an order vacating the award upon the application of any party to the arbitration. 9 U.S.C. § 10.

34. California Code of Civil Procedure § 1285 provides in pertinent part as follows: "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award."

35. Federal courts have authority under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, to review an arbitration conducted under the terms of a collective-bargaining agreement. International Paper seeks alternative relief under Section 301 on the grounds that the Union violated the parties' collective-bargaining agreement by demanding arbitration of a dispute that does not arise from the CBA.

36. The Arbitrator's Opinion and Award should be vacated and set aside on the following grounds:

   a. The Arbitrator exceeded the power and authority conferred upon him by the Agreement or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

   b. The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him because the Grievance was not arbitrable. Because the Grievance arises under and concerns only the statutory interpretation of the Paid Sick Leave Act and does not concern the "interpretation,

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

PETITION AND NOTICE OF MOTION TO VACATE ARBITRATOR'S OPINION AND AWARD

application or compliance with the terms of [the CBA]," it falls outside the scope of the parties' arbitration agreement.

  c. The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him because the Union lacks standing to advance the claim asserted in the Grievance because the Paid Sick Leave Act does not allow for a private right of action.

  d. The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him by disposing his own brand of industrial justice in deciding the Grievance rather than applying the clear and unambiguous language of the Agreement and the Paid Sick Leave Act.

  e. The Arbitrator's Opinion and Award is incompatible with the protection of International Paper's statutory rights.

  f. The Arbitrator's Opinion and Award is incompatible with an explicit legislative expression of public policy.

  g. The Arbitrator's Opinion and Award reflects the Arbitrator's manifest disregard for the law;

  h. The Arbitrator's Opinion and Award does not draw its essence from the collective-bargaining agreement.

## PRAYER FOR RELIEF

WHEREFORE Petitioner International Paper Company prays for the following relief:

1. That the Court set a hearing date and briefing schedule on the Petition and Notice of Motion to Vacate Arbitrator's Opinion and Award;

2. That the Court vacate the Arbitrator John F. Wormuth's Opinion and Award dated May 6, 2017.

3. That the Court award International Paper the attorneys' fees incurred in the course of this action; and

4. That the Court grant such other and further relief as the Court deems just and proper.

        Ford & Harrison LLP
        Stephen R. Lueke

By: */s/ Stefan H. Black*
    Stefan H. Black
    Attorneys for Petitioner
    INTERNATIONAL PAPER COMPANY

WSACTIVELLP:9286792.1