In the Matter of Arbitration between:

Teamsters District Council 2,
Local 388M,

Union

and

International Paper Company – Elk Grove, California,

Employer.

RE: California Sick Pay, Paid Sick Leave Grievance (No. 65281)

John F. Wormuth
Arbitrator

Arbitrator's Case No. 16-A-271

Arbitrator's Opinion and Award

May 6, 2017

## STIPULATION OF FACTS AND ISSUES SUBMITTED BY:

For the Union:

Dennis J. Hayes, Esq.
Brian T. Bloodworth, Esq.
Hayes & Ortega, LLP
3625 Ruffin Road, Suite 300
San Diego, California 92123

For the Employer:

Stefan H. Black, Esq.
Ford & Harrison, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071

1   This Arbitration arose pursuant to the Agreement between the Teamster
2   District Council 2,Local 388M, hereinafter referred to as the "Union" and the
3   International Paper Company – Elk Grove, California, hereinafter referred to as
4   the "Company," under which John F. Wormuth was selected by the parties to
5   serve as the Arbitrator.

6   The Arbitration was scheduled to be heard on January 19, 2017, in Elk
7   Grove, California. However, the hearing was not held because the Union and the
8   Company mutually agreed to submit a Stipulation of Facts and Issues.  The
9   January 19, 2017, Stipulation of Facts and Issues was accepted by the Arbitrator.
10  No later than February 27, 2017, the Union and the Company were to submit
11  their closing briefs and did so.  The briefs were timely, and the record of the
12  Arbitration was closed on March 1, 2017. The parties were given full opportunity
13  to present evidence, produce exhibits and present argument; and they availed
14  themselves of the opportunity to do so.

15  **ARBITRABILITY RULING**

16  The Company *avers* the   paid Sick Leave Grievance (No. 65281) is
17  substantively not arbitrable. It is argued by the Company that the grievance falls
18  outside the scope of the Labor Agreement.  Grievances  are contractually limited
19  to those that allege a violation by the Company concerning its   interpretation,
20  application or compliance with the terms of the Labor Agreement.  The Company

1  *avers* it is the California Labor Commissioner who has the exclusive jurisdiction
2  over the enforcement of the Healthy Workplaces, Healthy Families Act of 2014,
3  and the Union lacks standing to file the instant grievance.
4  Employees who allege a violation of the Act should seek redress through the
5  Labor Commissioner and not the Labor Agreement.

6  The stipulated record clearly establishes that employees are regularly
7  assigned to one of three (3) eight (8) hour shifts. (Stipulation # 6) In the event of
8  an absence on one of the shifts preceding or following employees' regularly
9  assigned eight (8) hour shifts, the Company may impose mandatory overtime.
10 (Stipulation #7)

11 The Labor Agreement's arbitration clause is sufficiently broad enough to
12 allow for the arbitration of the grievance. (JTX 1) There is no expressed
13 exclusionary clause found in the Labor Agreement that would bar the instant
14 grievance from arbitration.  In addition, the grievance is arbitrable because the
15 sick leave provisions are predicated on the employees' regular assigned shifts of
16 eight (8) hours. (JTX 1., Section: 10.01) (Stipulation # 6)

17 The Company's Elk Grove Attendance Policy (JTX 2) and the Sick Leave
18 Policy (JTX 3) have a direct relationship to established contract provisions that
19 affect employees' employment and contractual rights. Employees may suffer
20 discipline up to and including termination from employment if they fail to have
21 sufficient hours of sick leave to cover mandatory overtime shifts.

22 It is a well-established principle of labor arbitration that Labor Agreements
23 which have binding arbitration to resolve their grievances create a presumption in
24 favor of their use.   The grievance is arbitrable.

25

## FACTUAL BACKGROUND

International Paper operates a paper and packaging facility in Elk Grove, California. The regular hours of production are twenty four (24) hours per day on a five (5) day a week schedule. The bargaining unit has approximately ninety-four (94) positions, and the Teamsters District Council 2, Local 388 M, is the exclusive representative.

Employees are assigned to one of three (3) eight (8) hour shifts. The day shift commences at 7:00 a.m. to 3:00p.m., swing shift begins at 3:00p.m. to 11:00p.m. and the graveyard shift operates from 11:00 p. m. to 7:00a.m. In the event of an absence on a shift preceding or after an employee's regularly assigned eight (8) hour shift, the Company has the contractual right to assign mandatory overtime. These shifts usually last from eight (8) to twelve (12) hours. Mandatory overtime shifts are assigned to cover approved or unapproved absences.

On September 10, 2014, California enacted the Healthy Workplaces, Healthy Families Act of 2014, Cal. Lab. Code ss 245 *et seq*. The statute requires the Company to provide its employees with three (3) days or twenty four (24) hours of paid sick leave each year. ( Stipulation # 10) The Company provides each  employee, on his/her  date of hire and on January first of each succeeding year, with twenty four hours (24) of paid sick leave. (Stipulation #12) Sick leave hours that are not used may not be carried over to the following year.  Remaining unused hours are paid out to the individual employee at the conclusion of the calendar year.

In response to the new law, International Paper developed a Paid Sick Leave Policy, which went into effect on July 1, 2015. The number of hours deducted from an employee's sick leave bank is determined by the length of the shift, generally either eight (8) or twelve (12) hours. If an employee uses paid sick leave to cover a twelve hour (12) shift, he/she has insufficient hours remaining in the annual allotment of twenty four (24) hours to cover the third calendar day of a shift. An employee may direct a lesser amount of hours to be deducted from his/her bank, so long as the hours are in increments of two (2) hours. (Stipulation #16)

Insufficient sick leave hours needed to cover a shift result in an occurrence under International Papers Attendance Policy. The policy has four (4) cumulative disciplinary steps. Step 1 is a verbal warning for two (2) unexcused absences within a six (6) week period. Step 2 is a written warning for two (2) unexcused absences within an eight (8) week period. Step 3 is a final written warning for two (2) unexcused absences within a ten (10) week period. Step 4 is discharge for two (2) unexcused absences within a twelve (12) week period. (JTX-2)

## POSITION OF TEAMSTERS DISTRICT COUNCIL 2, LOCAL 388M

The Union *avers* the Company's adoption and implementation of its Paid Sick Leave Policy (JTX-3) fails to provide the full three (3) days of paid sick leave as required by the Healthy Workplaces, Healthy Families Act of 2014. Rather, the Company provides twenty four hours (24) hours of paid sick leave that is predicated on an eight (8) hour day. While the Union does not dispute that

1    employees are assigned to eight (8) hour shifts, the Union *avers* twenty four (24)
2    hours of sick leave is inadequate to cover mandatory overtime hours. Mandatory
3    overtime occurs with sufficient frequency that it substantially reduces the
4    statutory requirement of the three (3) days of paid sick leave. It is the length of
5    the entire shift that determines the number of hours of sick leave hours charged
6    to the employee's sick leave bank of (24) twenty four hours.

7    The Union *avers* if an employee claims sick leave in excess of his/her
8    regularly scheduled shift of eight (8) hours, it depletes the employee's entitlement
9    to twenty four (24) hours of paid sick leave.  The Company's policy violates the
10   statutory requirement that it must provide  three (3) days of paid sick leave.

11   Employees are subject to discipline pursuant to the Company's Attendance
12   Policy. (JTX -2) Unexcused absences occur under the Attendance Policy  when
13   an employee's sick leave bank has insufficient hours to cover an overtime shift. It
14   has not been uncommon for an employee to be required to work more than one
15   twelve (12) hour shift during the calendar year.  In the event of an absence
16   caused by an employee's illness, or other qualifying circumstances,  the
17   employee's sick leave bank of twenty four hours (24) would be  insufficient to
18   cover a third day of an absence.  An absence under these circumstances would
19   cause the employee to suffer an occurrence under the Attendance Policy.
20   Essentially, the Union *avers,* employees are subject to discipline for not having
21   sufficient sick leave hours due to of their required  compliance with the
22   mandatory overtime rule. Imposition of discipline for lack of sufficient sick leave
23   violates the Healthy Work Place, Healthy Families Act of 2014.

24   The Company's Attendance Policy violates the Labor Agreement
25   because it abridges an employee's contractual and statutory rights. Employees

1 exercise no control over the Company's assignment of mandatory overtime.
2 However, they are subject to discipline for complying with mandatory overtime.
3 The Union *avers* the statute requires a minimum of three (3) days of paid sick
4 leave, and the Company has not done so.
5
6 **POSITION OF THE INTERNATIONAL PAPER COMPANY, ELK GROVE,**
7 **CALIFORNA**
8
9 The Company *avers* its Sick Leave Policy is in full compliance with the
10 Healthy Work Place, Healthy Families Act of 2014, herein after referred to as the
11 Act. Pursuant to the Act, the Company is required to provide twenty four (24)
12 hours of sick leave, based on an employee's eight (8) hour shift and not on
13 three calendar (3) days. The Company *avers* the determination of the appropriate
14 hours of paid sick leave is the bargaining unit member's regular assigned shift.
15 There is no dispute that bargaining unit members are assigned to one of three (3)
16 eight (8) hour shifts. Therefore, the appropriate amount of hours to be allocated
17 is twenty four (24) hours of sick leave. The Company provides the required hours
18 to each employee on his/her date of hire and each succeeding calendar year
19 thereafter. Sick leave hours that are not used during the calendar year do not
20 carry over to the succeeding year.
21 Employees are free to utilize their sick leave hours to accommodate greater
22 or lesser absences of eight (8) hours. They may use their sick leave in two (2)
23 hour increments to cover their regularly assigned or overtime shifts. Article 13.01
24 of the Labor Agreement provides a preference for the assignment of overtime to

1  employees working on a machine or operation. (JT.EX.-1) The Company *avers*
2  the contractual preference for the assignment of mandatory overtime hours
3  creates no obligation to provide any more sick leave hours beyond the statutory
4  requirement of twenty four (24) hours. If an employee has insufficient sick leave
5  hours to cover his/her regular or overtime shift, it would be considered an
6  occurrence under the Attendance Policy. In each of these instances, the
7  Company *avers* it makes no distinction between a regular or an overtime shift.

8  The Company *averred* it met with representatives of the Teamster Union on
9  one or more occasions to discuss the Sick Leave Policy prior to its
10 implementation and provided the Union a copy of it. During these discussions,
11 there were no objections made by the Union to the Company's proposed policy.
12 It was *averred* by the Company that the Union was well aware of the fact that the
13 Sick Leave Policy was determined by the employees' regular assignments of
14 eight (8) hours, which equated to twenty four (24) hours of paid leave.

15 Significantly, the Union did not dispute the fact that the Company met and
16 discussed the Sick Leave Policy and provided a copy of it. The Union had
17 adequate notice of the Sick Leave Policy, and the Company *averred* the Union
18 acquiesced to it. Once the amount of hours in an employee's sick leave bank
19 was exhausted, it would cause an occurrence pursuant to the Attendance Policy.
20 This was the same Attendance Policy that had been in effect since December 6,
21 2004. (JTX-2)

22 The Act permits the Company to select between two (2) methods to determine
23 sick leave hours: The accrual method of one hour (1) for each thirty (30) hours
24 worked or three days as determined by the employee's regularly assigned shift
25 of eight (8) hours. Twenty four (24) hours of sick leave are the equivalent of three

(3) days and fulfill the Company's obligation under the Act. It is *averred* by the Company that it has met its obligation to provide sick leave. It is *averred* by the Company that the Union has not met its burden of proof and persuasion and has not shown that the Sick Leave Policy is in noncompliance with the Act and violates the Labor Agreement.

## ISSUE

The parties were unable to submit a joint stipulation of the issue to be determined. The Arbitrator frames the issue thusly: Is the Company's Sick Leave Policy of providing twenty four (24) hours of paid sick leave a violation of the Labor Agreement and the Healthy Work Place, Healthy Families Act of 2014 ? If yes, what shall the remedy be?

## DISCUSSION

The Company has asked that I interpret the Healthy Work Place, Healthy Families Act of 2014, so narrowly that it would exclude employees from one of its chief provisions. The clear intent and purpose of the Act is to provide three (3) calendar days of sick leave. Front loading twenty four (24) hours of sick leave fails to satisfy the Acts' requirements of three (3) calendar days of sick leave because overtime hours are tolled. The Act requires that employees should not lose any compensation that they would have earned for qualifying sick leave days. The stipulated record establishes that mandatory overtime occurs as a result of unanticipated absences from a shift, or scheduled leaves, and is a regular occurrence.

Both the Company and the Union stipulate that if an employee is absent for two (2) mandatory overtime shifts of twelve (12) hours duration, his/her twenty

four (24) hours of sick leave would be exhausted. Under these circumstances, an employee would lose compensation to which he/she would otherwise be entitled.

It is possible that twenty four hours (24) of sick leave can provide three (3) calendar days of sick leave, if an individual is not subject to mandatory overtime. However, mandatory overtime is beyond the individual's control. It is the legitimate operational needs of the Company that require an employee to work mandatory overtime hours. When sick leave is charged beyond the assigned shift of eight (8) hours, it depletes the employee's sick leave bank and prevents the employee from the full benefit of three (3) days of sick leave. This creates an inequity between and amongst employees, since some would receive a full three (3) days of sick leave based on their assigned shifts of eight (8) hours, while similarly situated employees would not.

Employees are compensated for unused sick leave hours at the end of the year. Loss of compensable sick leave hours as a result of mandatory overtime adversely affects employees' compensation. It is undeniable that compensation falls within the scope of the Labor Agreement.

The stipulated record shows the Company's Sick Leave Policy fails to provide three (3) calendar days of sick leave. This interpretation of the Company's Sick Leave Policy is supported by the Division of Labor Standards Enforcement letter of August 7, 2015. (JTX -4)

Employees receive accumulated points under the Attendance Policy if they have insufficient sick leave hours to cover mandatory overtime shifts. Accumulation of points within a specified time period may result in discipline, including termination from employment. Individuals may have eight (8) hours of

1 sick leave remaining in their sick leave banks when mandatory overtime is
2 required. Rather than charging sick leave in accordance with the employees'
3 regular eight (8) hour shifts, the absence is tolled on the length of the overtime
4 shift. Under the Attendance Policy, an occurrence would be imposed.

5     The Labor Agreement permits the Company to require mandatory overtime.
6 The twenty four (24) hours of sick leave, when tolled on the employees' regularly
7 assigned shifts of eight (8) hours, comply with the Act and the Labor Agreement.
8 However, the Company may not impose an occurrence under the Attendance
9 Policy as long as the employee has eight hours (8) of sick leave to cover his/her
10 regular shift. There is no requirement for the Company to provide additional sick
11 leave hours when an employee has exhausted his/her sick leave bank.

12 **AWARD**

13

14     The Grievance is sustained. The stipulated record shows that the Company
15 violated the Healthy Work Place, Healthy Families Act, of 2014 and the Labor
16 Agreement when it failed to provide a full three (3) calendar days of sick leave
17 consistent with the employees' regularly assigned shifts of eight (8) hours.
18 Provided that employees have a sufficient amount of sick leave hours in their sick
19 leave banks, it is a violation of the Labor Agreement and the Act to discipline
20 employees pursuant to the Attendance Policy.
21 ///
22 ///
23 ///
24 ///
25 ///

**REMEDY**

The Company is to immediately amend the Sick Leave Policy to provide a minimum of three (3) calendar days of sick leave. The Company is to allocate twenty four (24) hours of sick leave to conform to the employee's regular assigned shift of eight (8) hours. The Company may not charge the employee's sick leave bank more than eight (8) hours for a missed shift, including a mandatory overtime shift, provided the employee has sufficient hours in his/her sick leave bank to cover a regular shift of eight (8) hours.

1. The Company is to issue back pay, plus interest, to current employees who received less than three (3) calendar days of sick leave since July 1, 2015.
2. The Company is to immediately remove any attendance points for current employees who received them as a result of mandatory overtime shifts and had sufficient hours of sick leave to cover their regularly assigned shifts.
3. The Arbitrator retains jurisdiction over any dispute that may arise out of the implementation of the remedy.

The Grievance is sustained.

_John F. Wormuth_  
John F. Wormuth  
Arbitrator

May 6, 2017