Ford & Harrison LLP
Stephen R. Lueke, Bar No. 115906
Stefan H. Black, Bar No. 284499
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Petitioner
INTERNATIONAL PAPER COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>TEAMSTERS DISTRICT COUNCIL 2, LOCAL 388M,<br><br>　　　　　Respondent. | Case No.  2:17-cv-01606-TLN-CKD<br><br>**PETITIONER'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATION OPINION AND AWARD**<br><br>Date:　　　November 14, 2017<br>Time:　　　10:00 a.m.<br>Courtroom: TBD |

**TO RESPONDENT AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2017 at 10:00 a.m., or as soon thereafter as this matter may be heard, in a courtroom to-be-determined of the above-referenced Court, located at 501 I Street, Sacramento, CA 95814, Petitioner International Paper Company ("*International Paper*") will and hereby does move for an order vacating the arbitration award issued by Arbitrator John F. Wormuth (the "*Arbitrator*") on or about May 6, 2017.

Petitioner's motion is made pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, California Code of Civil Procedure § 1285, and, in the alternative, Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

WSACTIVELLP:9289976.1

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

Petitioner seeks vacatur of the Arbitrator's Opinion and Award on the following grounds:

1.  The Arbitrator exceeded the power and authority conferred upon him by the Agreement or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

2.  The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him because the Grievance was not arbitrable. Because the Grievance arises under the Paid Sick Leave Act and does not concern the "interpretation, application or compliance with the terms of [the CBA]," it falls outside the scope of the parties' arbitration agreement.

3.  The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him because the Union lacks standing to advance the claim asserted in the Grievance because the Paid Sick Leave Act does not allow for a private right of action.

4.  The Arbitrator exceeded the power and authority conferred upon him and acted on matters not submitted to him by disposing his own brand of industrial justice in deciding the Grievance rather than applying the clear and unambiguous language of the Agreement and the Paid Sick Leave Act.

5.  The Arbitrator's Opinion and Award is incompatible with the protection of International Paper's statutory rights.

6.  The Arbitrator's Opinion and Award is incompatible with an explicit legislative expression of public policy.

7.  The Arbitrator's Opinion and Award reflects the Arbitrator's manifest disregard for the law.

8.  The Arbitrator's Opinion and Award does not draw its essence from the collective-bargaining agreement.

By this motion, International Paper respectfully requests that this Court (1)

enter an order vacating the Arbitrator's Opinion and Award dated May 6, 2017; (2) award International Paper the attorneys' fees and costs it incurred in bringing this petition and motion; and (3) grant such other relief as the Court deems appropriate.

This motion will be based upon this Notice of Motion, Petitioner's Memorandum of Points and Authorities to be filed according to the briefing schedule set by the Court, Petitioner's Petition to Vacate the Arbitration Award and the exhibits thereto, and upon such other and further relief as the Court may be presented at the hearing of this motion.

Ford & Harrison LLP
Stephen R. Lueke


By: */s/ Stefan H. Black*
Stefan H. Black
Attorneys for Petitioner
INTERNATIONAL PAPER COMPANY